H. M. ORSCHEL COMPANY, Appellant, v. FREDERICK FISCHER, Trustee, et al., Appellees.

**NEGLIGENCE:** Repair of Roof—Evidence. Evidence held amply sufficient to establish the negligence of a contractor in repairing a roof, in failing to properly protect the roof from rainstorm.

*Appeal from Page District Court.*—EARL PETERS, Judge.

MARCH 15, 1921.

ACTION for the foreclosure of a mechanic's lien claimed for work done in repairing a roof. Defendants filed a counterclaim for damages caused by reason of plaintiff's negligence in doing the work. The court awarded defendants damages in the sum of $150, and allowed plaintiff the balance of its claim, and foreclosed plaintiff's mechanic's lien for said amount. Plaintiff appeals.—*Affirmed*.

*L. H. Mattox,* for appellant.

*G. W. Brown* and *Ferguson, Barnes & Ferguson,* for appellees.

FAVILLE, J.—The appellant is a copartnership. The appellees are trustees of the Masonic Lodge located in Shenandoah, Iowa. The appellees employed the appellant to replace the roof on the Masonic Lodge building at a specific price. The appellant completed the work, and filed a mechanic's lien for the contract price. No question arises in the case in regard to the amount due the appellant for said work under the terms of the

contract. The sole question arises on the counterclaim filed by the appellees.

It is the contention of the appellees that, at the time of entering into the contract for the repair work in question, the appellant represented to the appellees that it had the necessary equipment to prevent any damage that might be occasioned to the building, or contents thereof, by reason of rain; and it is alleged that the appellant negligently removed the roof on said building and exposed the rooms therein, and negligently failed to take proper care and precaution to prevent injury to the same by rain, and that, while the roof was in said condition, a rainstorm came up, which damaged the building and contents.

The sole question raised by this appeal is the fact question as to whether or not the court erred in allowing the appellees any amount on their counterclaim. There is sharp conflict in the evidence as to the conversation and representations made prior to and at the time of entering into the contract for the repairs on the building. In behalf of the appellees, it is claimed that the appellant represented that it was provided with tarpaulin to be used to close any opening in the roof in the event of rain, and that the same would be used to prevent any possible injury to the contents of the building, in the event that there should be rain while the roof was uncovered. This is disputed by appellant.

We do not deem it essential to determine the question as to whether or not such representations were made and relied upon at the time of the making of the contract. Appellees' counterclaim is in separate counts: one pleading said alleged representations, and the other grounded on negligence. The court found that the appellant was negligent in failing to cover the roof of the building in time to have prevented injury from rain, and the question of the alleged representations is immaterial to a determination of the matters urged on this appeal. The question presented is solely a fact question as to whether or not, under all the facts and circumstances disclosed, the appellant was negligent in the matter of leaving the roof exposed and uncovered during the progress of the work when there was an approaching storm.

The undisputed evidence shows that, during the progress

of the work, the appellant removed the old roofing from a space about 33 feet in width and about 30 feet in length; that this was done in the forenoon of the day in question. About 3 o'clock in the afternoon, a rainstorm came up, and the damage complained of resulted.

There was sharp and decided conflict in the evidence with regard to the weather conditions on the day in question. The appellees· offered evidence tending to show that it was cloudy some 6 or 7 hours before the rainstorm actually began, and that it was plainly to be seen that a rain was coming from the southwest; and one witness testified to notifying the workmen on the roof, possibly half an hour prior to the time of the rain, of the likelihood of a storm. Another witness testified that, during the afternoon, he saw the storm approaching, apparently a heavy rain from the southwest; that it was plainly visible, and that he could see it coming for at least two hours before it struck. Another witness testified to having observed the approaching rain from an hour and a half to two hours before the storm came, and that there was a big, black cloud. Another witness testified that it looked like rain between 1 and 2 o'clock in the afternoon.

An employee of the appellant's, in charge of the work, testified that, on the morning of the day in question, the weather was nice, the sun was shining, and that he first began to fear rain between 2 and 3 o'clock; that the rain came up very suddenly; and that the employees of appellant covered the opening in the roof as well as it could be done under the circumstances. Another employee of the appellant's testified that the weather was clear in the forenoon, and that it did not look like rain when they began work on the roof at 1 o'clock, and that the storm came up very suddenly. Another employee testified to the same effect, and that it was about half an hour before the rain started that it looked like rain, and that he heard thunder.

We have not attempted to set out the evidence in full, but merely to outline the general character of it. We have examined it all with care. There was testimony offered in behalf of the appellant to the effect that the appellant was delayed in its work by reason of the failure on the part of a carpenter employed by the appellees to furnish ''cant boards'' as needed in the progress of the work. This evidence is also in dispute. There is

evidence tending to show that it was impracticable to remove a portion of the roof at a time and replace the same, but that it was necessary to remove the entire roof before commencing the work of reconstruction.

We are satisfied that the conclusion of the trial court in regard to the negligence of the appellant has ample support in the record. This work was performed at the season of the year when thunderstorms are frequent in the state of Iowa. The appellant undertook the work with knowledge of such conditions, and knew of the condition of the building and of its contents, and necessarily, the likelihood of damages from a rain.

There is evidence to the effect that it would have been practicable, by using the roofing then on hand and laying the same temporarily, to protect the building from rain. The foreman of the appellant testified that it would have taken from half an hour to an hour to have made it waterproof temporarily, but that no effort was made to do so until almost the instant that the storm struck the building.

We are satisfied from the record that proper observation, lookout, and precaution on the part of the appellant, under all of the conditions, would have prevented the injury that resulted to appellees' property, and that it was negligence on the part of the appellant to have failed to protect the building in a reasonable way from injury from the rainstorm. Applying the ordinary and usual test, we find that the appellant did not use that degree of care which a man of ordinary care and prudence would have exercised under the same or similar circumstances.

It is the contention of the appellant that it was delayed in its work by reason of the failure of the employee of the appellees to furnish "cant boards," and that, if they had been furnished promptly, the work would have been completed before the storm arrived. This question was a disputed question of fact, and we are not satisfied that the failure of the appellees in this respect, if there was such failure, excused the appellant's negligence in the matter complained of.

The written contract between the parties provided that the appellant "shall not be responsible for damages or delay due to strikes, fire, accident, or other causes beyond our reasonable

control." This clause in the contract did not relieve the appellant from liability for the negligence complained of.

In one paragraph of the argument of appellees, we receive the assurance that "it is unnecessary to write an argument on the doctrine of last clear chance." The only applicability that we can imagine of such doctrine in the instant case would be on the theory that the appellant was entitled to "the last chance" to fix the roof while the weather was yet "clear."

We find nothing in the record to justify our disturbing the decree of the trial court, and it is, in all respects,—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.